# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: C.S.

No. 17-0379 (Mingo County 16-JA-58)

## MEMORANDUM DECISION

Petitioner Father J.W., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's March 30, 2017, order terminating his parental rights to C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 16, 2016, the DHHR filed an abuse and neglect petition against the mother of the child, petitioner, and a then-unknown father. Both petitioner and the unknown father were listed in the petition because the mother believed petitioner was the father, but was uncertain. In January of 2017, petitioner requested a DNA test to determine if he was the child's father. Petitioner appeared for DNA testing in February of 2017, after two missed appointments. Results of testing confirmed that petitioner is the child's father.[2]

In the petition, the DHHR alleged that the mother had ongoing issues with drug abuse and, after the initiation of proceedings, failed to comply with in-home services. As to petitioner, the DHHR alleged that he failed to contact or show any interest in the child. Because his whereabouts were unknown, the DHHR provided notice of the abuse and neglect proceedings to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]After petitioner's paternity was established, the circuit court removed the unknown father from the matter in its March 30, 2017, order.

1

petitioner by order of publication. The circuit court held a preliminary hearing on August 17, 2016. Petitioner did not attend the hearing, but was represented by court-appointed counsel.

In November of 2016, the circuit court held an adjudicatory hearing. Petitioner did not attend the hearing, but was represented by counsel. The circuit court found that there was proper notice to petitioner, pursuant to West Virginia Code § 49-4-601(e)(4).[3] The circuit court further found that petitioner neglected and failed to protect the child. The circuit court held a status hearing on November 30, 2016, which petitioner did not attend. Petitioner's attorney advised that she had not had any contact with petitioner. The DHHR advised the circuit court that petitioner had not made himself available for paternity testing or services.

According to petitioner, in January of 2017, he first became aware of proceedings, contacted his attorney, and attended a multi-disciplinary team meeting.

The circuit court held the dispositional hearing in March of 2017. Petitioner did not appear at the hearing, but was represented by counsel. The circuit court found that petitioner was not willing or able to correct the conditions of neglect and also found no reasonable likelihood that the conditions of neglect could be corrected in the near future. Ultimately, the circuit court terminated petitioner's parental rights to the child.[4] It is from the March 30, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]West Virginia Code § 49-4-601 (e)(4) states that, "If service cannot be obtained by personal service or by certified mail, notice shall be by publication as a Class II legal advertisement in compliance with article three, chapter fifty-nine of this code."

[4]The mother's parental rights to the child were also terminated below. According to the guardian and the DHHR, the child is placed in a foster home. The permanency plan is adoption in that home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

Petitioner argues that he should have been granted an improvement period after paternity was established in the proceedings below. We disagree. In order to obtain an improvement period, West Virginia Code § 49-4-610 requires that the parent "demonstrate by clear and convincing evidence that [the parent] was likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner did not demonstrate that he would be likely to fully participate in an improvement period because he did not attend any of the hearings and did not take the DNA test until February of 2017, several months after the petition was filed and he was made aware of the proceedings. Petitioner argues that after he found out that the petition was filed and that he may be the father of the child, he "fully cooperated." However, petitioner did not attend a single hearing during the proceedings. He also missed two appointments for his DNA test. Even after paternity of the child was confirmed, petitioner did not attend the dispositional hearing or make himself available to receive services. Thus, not only did petitioner not demonstrate by clear and convincing evidence that he would be likely to fully participate in an improvement period, he failed to move for an improvement period as required by West Virginia Code § 49-4-610. For these reasons, we find that the circuit court was correct in denying petitioner an improvement period.

Next, petitioner argues that the circuit court erred in terminating his parental rights. We do not agree. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, the evidence showed that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . " At the time of the dispositional hearing, the child was ten months old. Throughout the proceedings, and even after a DNA test confirmed that he is the father of the child, petitioner did not attempt to make contact with or support the child. Further, petitioner did

not attend hearings or make himself available for services. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 30, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker